FRUGÉ, Judge.
This case involves a suit on a note and for damages resulting from breach of contract. Plaintiff, Mercantile Credit Corporation, instituted this action against the appellants, Engstrom’s of Alexandria, Inc., and the individual stockholders of said corporation, Percy J. Engstrom, Clarice Le-Blanc Engstrom, and Vida Belle Engstrom Baillio.
The suit results from a business arrangement between the plaintiff and defendant corporations. Defendant, Engstrom’s, was in the business of selling merchandise on credit, and Mercantile, plaintiff herein, was in the business of financing such businesses. On or about July 22, 1959, Mercantile agreed to buy Engstrom’s credit sale contracts. Engstrom’s was to receive payment on the contracts and then forward such payment to Mercantile. As somewhat of a security to Mercantile for financing Eng-strom’s, the defendant corporation’s sole individual stockholders, the other three defendant-appellants herein, signed a written agreement dated July 22, 1959. In this agreement it was declared by said stockholders as follows:
“BEFORE ME, the undersigned authority, a Notary Public duly commissioned and qualified in accordance with law, in and for the State and Parish aforesaid, personally came and appeared (1) PERCY J. ENGSTROM, married to and residing with his wife whose name before marriage was Miss Ellen Nolan, and (2) Mrs. CLARICE LeBLANC ENG-STROM, born LeBLANC, widow of John A. Engstrom and (3) VIDA BELLE ENGSTROM BAILLIO, born Engstrom, married to and residing with her husband, Curtiss J. Baillio, all citizens and residents of Alexandria, Rapides Parish, Louisiana, that the said Clarice LeBlanc Engstrom, Percy J. Engstrom and Vida Belle Engstrom Baillio are the sole and only stockholders of Engstrom’s of Alexandria, Inc., a corporation organized under the laws of the State of Louisiana, domiciled at Alexandria, Rapides Parish, Louisiana.
“The said parties further declared that as sole and only stockholders of the said corporation there are certain credits and allowances due them by the corporation which said credits and allowances change from time to time and which said credits and allowances on December 31, 1957, amounted to $98,845.61 and which said credits and allowances on May 31, 1959 amounted to $132,744.82.
“The said stockholders further declared that the corporation desires to discount installment receivable sales contracts to the Mercantile Credit Corporation of Texas, Wichita Falls, Texas and that in consideration for the willingness of the said Credit Corporation to extend credit to the corporation they do hereby irrevocably agree that any indebtedness due *430 and to become due the said Credit Corporation shall be superior to any and all claims of every nature, kind and description which they may have against the said corporation and subordinate to the right of the said Credit Corporation to be paid any amounts now or hereafter to be due the said Credit Corporation out of the earnings, profits and assets of the said corporation with preference and priority over any and all amounts now or hereafter to become due them by the said corporation, including the credits and obligations owed to them by the said Co-poration as of the date hereof.
“It is agreed and understood that this understanding between the said stockholders and the said Credit Corporation shall continue in full force and effect at all times until all obligations now existing or hereafter created due the Mercantile Corporation of Texas, Wichita Falls, Texas by the corporation are paid in full.”
In the way of further security, defendant corporation, through its duly authorized president, P. J. Engstrom, executed a note in favor of plaintiff on May 1, 1963. The note, in the principal sum of $42,632.58, bore interest at eight percent and had a fifteen percent attorney’s fees clause. Its purpose was to represent the balance owed plaintiff at that time, and to set the interest.
In its petition, the plaintiff alleged that it was the holder and owner in good faith for value received of a certain promissory note executed and delivered by Engstrom’s of Alexandria, Inc., dated May 1, 1963, and due since one month after that date. Fur-there, that the outstanding balance on said note had been reduced to $18,374.58, subject to a reserve account credit in the amount of $5,024.05, thus making the true amount owed equal to $13,350.53, plus interest and attorney’s fees.
Plaintiff also asked judgment against the individual defendants for breach of their contract with plaintiff in that each of the defendants had received payment from their corporation while an indebtedness was still owed by defendant corporation to the plaintiff. It alleged that the receipts by defendants exceeded in amount the indebtedness owed plaintiff, and that therefore, judgment should be rendered to plaintiff granting it damages for said breach, said damages being the amount of the balance still remaining on the corporation’s note.
After trial on the merits, the court awarded judgment against the corporation in the sum of $12,730.50, plus interest and attorney’s fees, and as well awarded judgment against each of the individual defendants in varying amounts, less interest and fees. From this judgment, the defendant corporation and the individuals appealed. The reduction in the award from what was asked for in the petition, was due to the fact that $600.00 had been paid plaintiff since the commencement of the action.
As a basis for appeal, appellants urge error in the refusal of the trial court to recognize the alleged privilege against testifying of Mr. L. C. Biehler, Jr., a public accountant, who was called to testify as to some of the defendant’s financial affairs. Allegedly, the court forced Mr. Biehler to violate the accountant’s privilege noted in L.S.A.-R.S. 37:85. Secondly, the appellants request that this court find error in the trial court’s awarding judgment against the individuals for the sum allowed, and as well, in awarding judgment against each individually for the total sum. In brief, appellants make little argument as to error in the judgment against the corporation and therefore said judgment is hereby affirmed without discussion.
To prove its case, plaintiff entered into evidence numerous documents in regard to the business arrangement, and also as to the financial condition of the defendant corporation during the pertinent period. Over defendant’s objections, Mr. Biehler was called to testify, as the bookkeeper for Eng-strom’s during part of the period, principally from May, 1962 until the corporation went into reorganization in 1964, and he *431 testified that from time to time he furnished financial status information, like the balance sheets entered into evidence, to the plaintiff. This information was furnished under P. J. Engstrom’s direction and authorization, and on some of the occasions that Biehler discussed the statements with plaintiff’s representatives, Mr. Engstrom was present.
It is defendant’s contention that the trial court erred in allowing Mr. Biehler to testify in breach of the privilege noted in LSA-R.S. 37:85.
In answer to this allegation of error, we agree with the trial court that it was established by the testimony that Mr. Biehler was authorized to furnish and did furnish to plaintiff the requested information respecting the corporation’s financial affairs, and that he did discuss with Mr. Adams, the plaintiff’s representative, the matters shown on the balance sheets. For that reason, it is obvious that the defendants waived any privilege established by LSA-R.S. 37:85, and that the information and testimony were fully admissible.
Defendant’s second allegation of error, that judgment was wrongly awarded against the three individual stockholders, we feel can be dismissed after a review of the figures revealed by the balance sheets of the defendant corporation for the years 1962, 1963 and 1964. From these statements we note that in May of 1962 the indebtedness of the corporation to the individual defendants stood at $101,936.72, and its debt to plaintiff was $102,496.44. By October 31, 1962, the indebtedness of the corporation to the individual defendants had been reduced to $93,038.72, while its debt to plaintiff had been reduced to $62,486.38. Obviously, the defendants, in breach of their agreement, were receiving some monies from the corporation while a debt was still owed the plaintiff. By March 31, 1964, the indebtedness of the corporation to the individual defendants had been further reduced to the sum of $63,441.55, while plaintiff’s debt stood at $19,979.89. Figuring roughly, between the period of May 31, 1962 and March 31, 1964, the stockholders had received, in breach of their agreement not to, the sum of $38,495.17, a sum considerably exceeding the amount owed plaintiff as of the latter date.
The above should be considered sufficient evidence upon which the trial court could have based the conclusion that the defendants, or at least some of them, did receive money in direct contravention of the contract signed by them. The plaintiff .was undoubtedly damaged by the breach of the contract, in that had the individual defendants not received said money, the defendant corporation would have been able to apply the funds to the debt owed the plaintiff and thus easily eliminated the debt.
There remains for our determination the question as to which of the defendants were primarily responsible for the breach and in what amounts were the monies unjustly received. Together with this is the question of the wording of the trial court’s judgment.'
The evidence produced at trial revealed that the three individual stockholders drew from the corporation various amounts in payment of the debt owed them by the corporation. Mrs. Baillio during the 1962 through 1964 period withdrew $9,434.33. Mrs. Engstrom, a second stockholder, drew the amount of $14,525.47. The president, P. J. Engstrom, drew $32,507.30. With the exception of Mrs. Baillio, it is obvious that the amounts drawn by each of the stockholders exceeded the present indebtedness of the corporation to the plaintiff.
In compliance with the above, the trial court awarded judgment in favor of plaintiff and against the stockholders individually, but in varying amounts, according to the amounts that they had withdrawn from the corporation. Judgment was rendered against Percy J. Engstrom and Clarice LeBlanc Engstrom, individually, in the amounts of $12,730.70, and against the defendant, Vida B. Engstrom Baillio, in the *432 amount of $9,434.33. Furthermore, the judgment provided that any sums realized from any or all four of the defendants, whether by voluntary payment or under judicial execution or collected on the accounts held by the plaintiff since the trial, should be separately credited to each of the defendants, except for payments of interest and attorney’s fees, which should be credited solely to the judgment against the corporation.
The trial court’s judgment awarding plaintiff damages in the amount mentioned was proper, but this court finds error in the wording of said judgment. As was alleged by defendant in argument, the essence of the judgment would be to award plaintiff a total of almost $50,000.00, wherein its damages only amount to the sum of $12,730.70.
For the foregoing reasons, it is the ruling of this court that the judgment of the trial court be amended and that as amended it grant recovery to plaintiff, Mercantile Credit Corporation of Texas, and against Engstrom’s of Alexandria, Inc., in the amount of $12,730.70, together with eight percent interest per annum thereon from May 1, 1963 until paid, and an additional fifteen percent of the principal and interest as attorney’s fees. Further, there is judgment in favor of plaintiff and against defendants, Percy J. Engstrom and Clarice LeBlanc Engstrom, individually, in the amount of $12,730.70, together with legal interest thereon from date of judicial demand until paid; and in favor of plaintiff against defendant, Vida B. Engstrom Bail-lio, in the principal amount of $9,434.33, together with legal interest thereon from the date of judicial demand until paid. Plaintiff’s total recovery against any or all of the defendants is limited to one principal sum of $12,730.70. The right of subrogation or contribution between the defendants, Percy J. Engstrom, Clarice LeBlanc Engstrom and Vida Belle Engstrom Bail-lio, is hereby recognized.
As amended, the judgment of the trial court is hereby affirmed. Costs of this appeal to be paid by defendant-appellants.
Amended and affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.